The Honorable LAUREN KING

IN THE UNITED STATES DISTRICT COURT
OF WASHINGTON

| | |
|---|---|
| CAROL STEPIEN, an individual, | No. 2:21-CV-01410-LK |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MR. ERICK WEST |
| GINA RAIMONDO, | |
| Defendants. | NOTED FOR: JUNE 16, 2023 |

## I. INTRODUCTION:

The purpose of this motion is to request the exclusion of Mr. Erick West's testimony regarding mitigation, backpay, front pay, and lost retirement benefits. The testimony provided by Mr. West should be excluded for several reasons, including his lack of qualification to opine on mitigation, the use of a methodology for mitigation that conflicts with legal precedent, and the potential for his testimony to be extraordinarily prejudicial. Additionally, any calculations provided by Mr. West that rely on his mitigation calculations should also be excluded.

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 1

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874

1
2
3
4
5
6
7

## II. STATEMENT OF ISSUE:

1.   Should this Court exclude mitigation, backpay, front pay, and lost retirement

testimony of expert, Mr. Erick West, when the undisputed facts show Mr. West's

expertise is not relevant, reliable, and more probative than prejudicial regarding

Mitigation of Damage? **Yes.**

8

## III. FACTS

9

**A.  Dr. Stepien's Background**

10          Dr. Stepien is alleging discrimination and has made exhaustive efforts to try and

11   retain alternative employment. NOAA hired Dr. Stepien in 2016. See Dkt. 28. Dr. Stepien's

12   case is based on NOAA unlawfully disciplining and terminating Dr. Stepien. See Generally

13   Dkt. 28.  While employed at NOAA, Dr. Stepien complained of Gender and Age based

14   discrimination and received Discipline shortly thereafter. Id.  NOAA unlawfully terminated

15   Dr. Stepien in April of 2021.  Dr. Stepien has been searching for a job since that time. See

16   Lim Decl. at Ex. A *(Stepien Trans.* at 222:11-223:8*).*

17   **B.  Dr.  Stepien's Job Search**

18          Dr. Stepien's job search includes hundreds of applications and multiple interviews.

19   Since NOAA terminated Dr. Stepien, she has applied for over 140 jobs. Id.  As of the date of

20   her deposition in April 2023, Dr. Stepien unfortunately has not been offered a job. Id.

21   **C.  Mr. West Testifies that He did Not Evaluate the Adequacy of Stepien's Job Search**

22          Defendants have hired Erick West to form opinions on backpay and frontpay that are

23   totally reliant on mitigation calculations Mr. West did without even accessing Dr. Stepien's

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 2

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE:  (206) 774-8874

1

2     actual job search or the labor market for positions like Dr. Stepien had at NOAA. See Lim

3     Decl. at Ex. B, *West Economic Loss Report* at. Pg. 5- 6.  Mr. West assumes that Dr. Stepien

4     should have found a job within two years of being terminated from NOAA based on labor

5     statistics. Id. at pg. 5. His opinions have made no evaluation of Dr. Stepien actual "efforts" to

6     seek a job. Lim Decl.  at Ex. C (Erick West Depo. Transcript at 33:1-33:12). Mr. West has no

7     classroom training regarding whether an individual has conducted an adequate job search for

8     purposes of evaluating damages. Id. at 39:15-39:19. Mr. West is not offering an opinion as to

9     whether Dr. Stepien's job search is "unreasonable." Id at pg. 29:18-29:23. Mr. West's

10    methodology for evaluating Dr. Stepien's job search is assuming that she should have found

11    a job based on Generalized Bureau of Labor Statistics (BLS) that are not even tailored to a

12    person of her educational background and experience. Id. at 30:2-30:5, ("I'm simply looking

13    at reliable data for the Bureau of Labor Statistics showing what is a typical job search period

14    for someone that's specifically looking for full-time work. And I've concluded that giving

15    Dr. Stepien three to four times longer than what a typical worker takes to find full-time work

16    is a reasonable estimate for this case, just to provide a complete analysis of her losses."); Ex.

17    B, pg. 5.

18           Mr. West made no effort to look at specific job openings pertaining to Dr. Stepien' s job

19    search. Id. at 32:5-32:9. During this case, Dr. Stepien provided Defendant extensive

20    documentation showing her multiple interviews and job applications. Lim Decl. at Ex. C

21    (Stepien Produced Documents Regarding Job Search).

22

23

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 3

# IV. LEGAL ANALYSIS:

## A.  Admissibility Under Rule 702

A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and(d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702 (2011). *See also 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (describing analysis as two-steps: (1) determining whether expert is qualified and (2) whether the expert's opinion is reliable under *Daubert* principles). The touchstone of admissibility under Rule 702 is helpfulness to the trier of fact. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991).

A court should consider the following non-exhaustive and non-dispositive factors in determining whether particular expert scientific testimony is reliable: whether the expert's technique or theory can and has been tested; the theory has been subject to peer review and publication; the known or potential rate of error of the technique or theory when applied; the existence and maintenance of standards and controls; and the general acceptance of the methodology in the relevant scientific community. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149-50, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); *103 Investors*, 470 F.3d at 990 (citing *Daubert vs. Merrell Dow Pharmaeuticals, Inc.*, 509 U.S. at 579, 593-94

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 4

Nolan Lim Law Firm, PS
1111 3ʳᵈ Ave, Suite 1850
Seattle, WA 98101
Office:  (206) 774-8874

(1993).  With non-scientific experts, "the relevant reliability concerns may focus upon

personal knowledge or experience." *Kumho*, 526 U.S. at 150 (emphasis added).

The District Court has "broad discretion" when deciding whether to permit or

exclude expert testimony under Federal Rule of Evidence 702. *United States v. Finley*, 301

F.3d 1000, 1007 (9th Cir. 2002).  Expert testimony "help(s) the trier of fact to understand the

evidence or to determine an issue of fact." See ER 702.

**B.  Mr. West Lacks Qualification, an Accepted Methodology, and Does Not Apply His Reasoning to Facts in This Case**

**1.   Relevance: Mr. West Makes No Effort to Apply His Theory of Mitigation to the Facts in this Case**

Mr. West's opinion does not gather relevant facts to assess mitigation of damages.

Instead, Mr. West expects Dr. Stepien to take a hypothetical lower paying job that Dr.

Stepien was not even offered, assesses the value of the lower paying job, and discounts the

lower paying job from Dr. Stepien's back and frontpay calculation. See Lim Decl. at Ex. B

(pg. 5-6). Mr. West uses generalized labor statistics for all workers and does not opine if Dr.

Stepien would have procured any positions available in the marketplace had she applied.  Id.

The report shows Mr. West made no effort to evaluate key facts such as Dr. Stepien's actual

job search, actual jobs available in the marketplace, and jobs Dr. Stepien turned down. Id.

Thus, Mr. West's opinions are not relevant to mitigation, backpay, and front pay calculations.

**2.   Dr. West Lack's Qualification to Assess Mitigation Efforts**

Mr. West made several admissions during his deposition that show he is not qualified

to assess mitigation efforts.  Mr. West lacks any classroom training in evaluating a job

search. See Ex. C at 8:18-9:16.  .  Mr. West is not a vocational counselor employed to help people find jobs. Id. at 12:1-12:10. Prior to becoming an expert witness, Mr. West's jobs were strictly related to Mr. West providing personal financial consulting services and him providing part time assistance helping one individual find work Id. at 9:23-10:23; 12:4-12:22. . Overall, these factors raise doubts about the effectiveness and appropriateness of Mr. West's recommendations for mitigating damages in Dr. Stepien' s case. .

### 3.  Methodology: Mr. West Provides No Support that His Methodology for Assessing Mitigation is Reliable

Mr. West's methodology for mitigation of damages is in direct conflict with established legal precedent concerning the mitigation of damages.

### a.  Title VII Standard for Mitigation

Title VII imposes on a plaintiff pursuing back pay the burden of seeking alternate employment with reasonable diligence. *Caudle v. Bristow Optical Co.*, Inc., 224 F.3d 1014, 1020 (9th Cir. 2000) (Title VII); *Meyers v. City of Cincinnati,* 14 F.3d 115, 119 (6th Cir. 1994) (Section 1983). As the party asserting the defense, defendants are responsible for proving a failure to mitigate. See, e.g., *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978). A plaintiff need only pursue employment that is "substantially equivalent." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982). A plaintiff is not required to accept a position with a "significantly lower salary." *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 683 (9th Cir. 1997) (noting that defendant argued when arguing for cutting off "Front Pay" that plaintiff "should accept a position similar to the one he held previously, but which offers a significantly lower salary. These arguments are simply untenable, and we reject them.").

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

1

A worker is not required to "lower [her] sights" in order to procure employment. See

2

Id. The 7th Circuit explicitly rejects using generalized labor statistics for an expert to opine

3

on mitigation.  See *EEOC v. Wal-Mart Stores, Inc*., No. 17-cv-739-jdp, 2020 U.S. Dist.

4

LEXIS 55734, at \*5-6 (W.D. Wis. Mar. 31, 2020) citing *NLRB v. Midwestern Personnel*

5

*Services, Inc*., 508 F.3d 418, 427 (7th Cir. 2007) (excluding expert testimony on mitigation

6

because data had overbroad geographic scope and did not include information about

7

applicant pool, hours, wages, and locations of available positions, or whether aggrieved

8

individuals would have gotten positions if they applied); [\*6]  *Smith v. Rosebud Farmstand*,

9

No. 11-cv-9147, 2016 U.S. Dist. LEXIS 140460, 2016 WL 5912886, at \*20 (N.D. Ill. Oct.

10

11, 2016) (expert report relying on generalized labor market data unhelpful because it said

11

very little about whether plaintiff had legitimate opportunity to secure those jobs). The same

12

requirement has been used to constrain awards of front pay. See *Caudle v. Bristow Optical*

13

*Co*., 224 F.3d 1014, 1020 (9th Cir. 2000) citing  *Gotthardt*, 191 F.3d at 1157 ("A court

14

awarding front pay should consider a plaintiff's ability to mitigate her damages by finding

15

other employment in the future . . . . 'Because of the potential for windfall, [front pay's] use

16

must be tempered.'" An employee need only show "reasonable diligence" to overcome a

17

Defendant's attempt assert a "Failure to Mitigate Affirmative Defense." *Karl v. City of*

18

*Mountlake Terrace*, No. C09-1806RSL, 2011 U.S. Dist. LEXIS 40561, at \*5 (W.D. Wash.

19

Apr. 4, 2011) citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed.

20

2d 721 (1982).

21

22

23

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE:  (206) 774-8874

**b.  Mr. West's Methodology for Mitigation Does Not Use Any Data Relevant to Factors Consider for Mitigation Assessment**

The above legal precedent clearly delineates what needs to be shown to assess "reasonable" mitigation efforts, and yet Mr. West's report embraces none of the fact courts embrace to evaluate mitigation. Rather than evaluate the jobs Dr. Stepien applied for and was offered, Mr. West found data just showing the number of people employed in positions similar to Dr. Stepien's:

> Q.   So my question, then, is:  For any of the positions you listed on this report here, am I correct in saying that you made no effort whatsoever to actually see if there were actual positions available in these categories in labor markets that Dr. Stepien had applied for?
>
> A.   I'm saying for the purpose of my analysis, I do identify in the research materials produced the overall number of people employed in these occupations.  I certainly would not have the ability to search every single nationwide opening for every position in these categories.

See Lim Decl. at Ex. B (West Trans. 32:10-32:25.)

When asked about whether he assessed Dr. Stepien's job search efforts he responded:

> Q: And so just to make sure I understand you correctly, these statistics here that you have cited in section six is just evaluating Dr. Stepien's, you know, purported mitigation capacity but not her actual job search -- the reasonableness of her job search efforts; is that correct?
>
> A.   Correct.  As I state in the report, I'm saying  that with a full, reasonable, diligent search over a 24-month period, that is more than adequate time to find a replacement job.  And that's based on my review of what a typical worker -- how long it takes to find full-time employment.

Id. at 33:1-33:12.

Indeed, Mr. West made no determination that Dr. Stepien's actual job search was "reasonable" or not. This is troubling because the 9th Circuit requires Defendant's to prove

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 8

Nolan Lim Law Firm, PS
1111 3rd Ave, Suite 1850
Seattle, WA 98101
Office: (206) 774-8874

that Plaintiff have not searched for jobs with "Reasonable Diligence." *Caudle v. Bristow Optical Co.*, Inc., 224 F.3d 1014, 1020 (9th Cir. 2000) (Title VII); *Meyers v. City of Cincinnati,* 14 F.3d 115, 119 (6th Cir. 1994) (Section 1983).  Finally, Mr. West's report offers no citations to any scholarly authority showing that the use of labor statistics for all workers is relevant to assessing a skilled employee's diligence in searching for replacement employment. See Generally Ex. B.

Mr. West's opinions continue building on a loose foundation by making an unsupported assumption that Dr. Stepien should have already found a job. Mr. West arbitrarily concludes that Dr. Stepien should have found a job within two years of losing her job and assigns $140,000 salary he assumes she should be making from now till the age of retirement, and then uses that wage as basis to reduce her backpay and front pay. See Ex. C at 5-6. Mr. West cites no authority, economic treatise, or scholarly publication stating that this arbitrary assigning of a mitigation wage is generally accepted in the labor economist or vocational community.   In short, Mr. West did not use a reliable mitigation assessment methodology in this case.

Mr. West's opinions in his expert report and deposition testimony are akin to building a house on a foundation of shifting sand. Rather than carefully analyzing the relevant facts, he chooses to ignore them and construct his own "reasonable job search standard" based on generalized labor statistics for all full-time workers and his view on Dr. Stepien's "mitigation capacity" rather than her "mitigation efforts." Just as the shifting sand cannot provide a stable base for a house, Mr. West's methodology fails to provide a solid and

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874

accurate assessment of Dr. Stepien's job search effort. The statistics he used are unreliable in assessing Dr. Stepien's job search reasonableness under established legal precedent.

### 4. Mr. West's Backpay and Frontpay Calculations Should be Excluded in their Entirety because they Rely Heavily on His Mitigation Analysis

Mr. West's reliance on unreliable mitigation data compromises his backpay and front pay calculations. Mr. West's report provides no alternative calculations for earnings assuming Dr. Stepien's current inability to find alternative employment. See Ex. B . Mr. West has not supplemented his report with alternative calculations that are non-reliant on the assumed mitigation wages he assigns to Dr. Stepien. See Lim Decl. at para. 4. The rebuttal expert disclosure in this case passed. See Dkt. 23. The discovery deadline passed on May 3, 2023, and Mr. West provided no supplemental report changing his opinions. Based on these facts, this court must disqualify Mr. West from opining on Dr. Stepien's backpay, front pay, and lost retirement benefits because the underlying data is unreliable, and he proffered no alternative opinion on backpay, front pay, and lost retirement benefits before the discovery deadline passed.

### V. CONCLUSION

Mr. West's testimony regarding mitigation, backpay, front pay, and lost retirement benefits should be disqualified under *Daubert* because his opinions lack specialized knowledge in evaluating job searches, his methodology does not rely on facts the 9th circuit requires Defendants to challenge a plaintiff's mitigation efforts, making his opinions about more prejudicial than probative. This court has a duty to disqualify Mr. West's opinions, or risk setting a precedent that generalized labor statistics with no bearing on a person's actual

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

– Page 10

job search will be used by parties trying to challenge aggrieved parties who have clearly met

their obligations to reasonably find a job. Although Mr. West is an experienced expert

witness with an economist background, he is simply not following a methodology that

assesses relevant facts (Dr. Stepien's actual job search and actual job availability data for

positions Dr. Stepien should be seeking) to render his opinions regarding backpay, front pay,

and mitigation. Dr. Stepien respectfully request that Mr. West's opinions on mitigation,

backpay, front pay, and lost retirement benefits be excluded from Evidence.

June 1, 2023                                                NOLAN LIM LAW FIRM, PS


                                                            s/Nolan Lim

                                                  _____
                                                            Nolan Lim, WSBA #36830
                                                            1111 Third Ave. Suite 1850
                                                            Seattle, WA 98101
                                                            206-774-8874

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF MR. ERICK WEST

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874