UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL STEPIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO,<br><br>        Defendant. | CASE NO. 2:21-cv-01410-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 51, does not comply with the Court's Updated Standing Order for All Civil Cases because it does not contain the required certification that Plaintiff made a meaningful effort to confer with Defendant before filing her dispositive motion, Dkt. No. 24 at 6 ("Parties must make a meaningful effort to confer prior to filing a dispositive motion. Such motions must contain a certification of conferral.").[1] And likewise, Plaintiff's Motion to Seal, Dkt. No. 53, lacks the

---

[1] Plaintiff's counsel is well aware of the Court's meet and confer requirement for dispositive motions; he recently violated it in another case and belatedly filed the required certification after the briefing was complete. *See Li v. Northeastern Univ.*, 2:22-cv-00444-LK, Dkt. No. 41 (W.D. Wash. Feb. 3, 2023). The point of the meet and confer requirement is for the parties to attempt to resolve some or all of the issues *before* filing the dispositive motion.

ORDER TO SHOW CAUSE - 1

required certification that Plaintiff's counsel met and conferred with Defendant's counsel prior to filing her motion to seal. LCR 5(g)(1)(A); Dkt. No. 53 at 1 (stating that Plaintiff "will conference with [D]efendant shortly" after filing the motion to seal). Accordingly, no later than June 9, 2023, Plaintiff must show cause why both motions should not be stricken in their entireties for failure to comply with the Court's prior order and the Local Civil Rules, respectively. Should Plaintiff fail to show cause and file certifications by that date, the Court will strike the motions in their entirety.

Dated this 5th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge