UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL STEPIEN, | CASE NO. 2:21-cv-01410-LK |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| GINA RAIMONDO, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Carol Stepien's Motion for Reconsideration re Order Partially Granting Defendant Summary Judgment. Dkt. No. 91. Stepien seeks reconsideration of the Court's order granting in part and denying in part Defendant Gina Raimondo's motion for summary judgment. Dkt. No. 89 (the "Order").[1] For the reasons set forth below, the Court denies the motion.

---

[1] The same order granted in part and denied in part Stepien's cross motion for summary judgment. *Id.* at 67. For ease of reference and consistency with the Order, the Court refers to Defendant as the National Oceanic and Atmospheric Administration ("NOAA"), which was Stepien's employer.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## A.    Legal Standard

Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (cleaned up)); *Barton v. Leadpoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration are not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through"); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Failure to do so "may be grounds for denial of the motion." *Id.*

## B.    Reconsideration Is Unwarranted

Stepien contends that the Court erred by granting NOAA's motion for summary judgment regarding her claims for (1) retaliation and discrimination related to her 10-day suspension, and (2) hostile work environment based on retaliation, age, and gender. Dkt. No. 91 at 1. The Court examines these contentions in turn.

### 1.    The 10-Day Suspension

Stepien continues to argue that her 10-day suspension constituted age discrimination, Dkt. No. 91 at 3, but she does not dispute that her summary judgment filings never identified the age

1   of her alleged comparator, John Doe, Dkt. No. 89 at 25 n.9. Nor does she cite to any evidence

2   suggesting age discrimination. *See generally* Dkt. No. 91.

3       Stepien also contends that the Court erred by weighing the evidence in favor of NOAA

4   regarding whether her 10-day suspension was discriminatory. *Id.* at 2–3. Despite her burden to

5   show manifest error, Stepien's motion for reconsideration on this issue does not provide a single

6   citation to the Court's Order or to the record to support this contention. *Id.*

7       Regardless, the Court did not weigh the evidence in NOAA's favor. Rather, the Court

8   applied the proper standard and found that Stepien did not establish a genuine dispute of material

9   fact regarding whether she and employee Doe—the only alleged comparator she identifies in her

10  motion for reconsideration—were "similarly situated in all material respects." Dkt. No. 89 at 26

11  (quoting *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) (cleaned

12  up)). Stepien's conclusory allegation that both she and Doe "received discipline for content on a

13  'slide,'" Dkt. No. 91 at 3, is a vast oversimplification of the record. Doe presented slides at a

14  conference using his NOAA title and affiliation while he was on leave and without permission

15  from NOAA. Dkt. No. 89 at 27. Notably, Stepien did not dispute NOAA's evidence that Doe's

16  use of the NOAA logo was not necessarily improper; Doe was disciplined in part because he was

17  not truthful in the investigation when he answered "No" to the question of whether his slides

18  included the NOAA logo. *Id.* at 7–8, 27 n.10. Stepien's conduct was different: she used another

19  person's slide in a presentation after being expressly told not to do so by its author and, in doing

20  so, deepened an existing rift with a partner organization. *Id.* at 9, 27. And that was only part of the

21  misconduct that resulted in her suspension. Stepien previously received a letter of reprimand for

22  falsely referring to colleague Jim Guyton in an email to another scientist as a "gang rapist," and

23  then referring to him as a "bad priest" in another email to a supervisor despite that term's

24

1  connotation of pedophilia and the potential damage to his reputation. *Id.* at 10.[2] In light of their

2  very different conduct, Doe was not a proper comparator. *Id.* at 27; *Weil*, 922 F.3d at 1004; *Ingram*

3  *v. Pac. Gas & Elec. Co.*, 690 F. App'x 527, 530 (9th Cir. 2017) (explaining that employees are not

4  similarly situated when they engaged in a different combination of conduct).

5      Stepien relies heavily on *Reynaga v. Roseburg Forest Products*, 847 F.3d 678 (9th Cir.

6  2017), Dkt. No. 91 at 2–4, but she never cited that case in her response to NOAA's motion for

7  summary judgment, Dkt. No. 69. That 2017 case is thus not "new" legal authority that Stepien

8  could not have brought to the Court's attention sooner. LCR 7(h). Reconsideration is not Stepien's

9  opportunity to raise arguments she failed to make in response to NOAA's motion. *Barton*, 2022

10  WL 293135, at *1.

11      Regardless, *Reynaga* does not demonstrate any error in the Order. Stepien argues that in

12  *Reynaga*, "the court even recognized that there was no evidence of 'similarly situated employees

13  being treated more favorably', but still found enough material issues of fact to infer

14  discrimination." Dkt. No. 91 at 2 (quoting *Reynaga*, 847 F.3d at 691). Stepien omits part of

15  sentence she quotes; the full sentence stated that "there is no evidence in the record of similarly

16  situated employees being treated more favorably *in that precise manner*." *Reynaga*, 847 F.3d at

17  691 (emphasis added). The court went on to explain that there was "sufficient evidence to give rise

18  to an inference of discrimination" because two other employees were treated differently. *Id.* at

19  691–92 (noting that one employee "was not subjected to the same lock-cutting intrusion as" the

20  plaintiff and another employee was "hardly reprimanded" for hostile behavior). But here, Doe's

21

22

23  ───────────────

[2] Stepien argues that "[t]his Court recognized that Stepien was trying to convey 'urgency' by using the 'bad priest'

24  comment[.]" Dkt. No. 91 at 7. The Order noted that Stepien so *contended* in her brief and that her email including the
"bad priest" reference did not include that explanation. Dkt. No. 89 at 9.

1  treatment raises no inference of discrimination because he engaged in different conduct and was

2  still given a multi-day suspension. Dkt. No. 86-2 at 2–3.

3      Stepien attempts to minimize her conduct by calling it "inadvertent," Dkt. No. 91 at 3, but

4  she does not claim to have inadvertently drafted and sent emails denigrating her colleague. Stepien

5  also contends that she "question[ed] the honesty of the suspension," *id.*, but she has never disputed

6  that she sent the offensive emails, used someone else's slide despite being told not to do so, and

7  thereby damaged her employer's relationship with a third party. Dkt. No. 89 at 27. The fact that

8  she thought the resulting suspension was unwarranted failed to demonstrate a genuine issue of

9  material fact. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006)

10  (explaining that a plaintiff does not "create a genuine issue of material fact by relying solely on

11  [her] subjective belief that the challenged employment action was unnecessary or unwarranted").

12      Next, Stepien argues that the 10-day suspension suggests retaliation because of her "strong

13  performance" and the proximity in time to her contact with "EEO." Dkt. No. 91 at 4. Again,

14  Stepien cites nothing in the Order or the record to support these claimed errors. *Id.* at 3–4.

15  Regardless, as the Order noted, Stepien never disputed NOAA's assertion that her suspension was

16  based on her *conduct*, not her *performance*. Dkt. No. 89 at 28. Neither her positive performance

17  review nor her EEO contact immunized her from discipline for her admitted (and repeated)

18  misconduct. *Id.* at 41.[3]

19

20

---

21  [3] Stepien also notes that in *Reynaga*, "an employee who created a hostile work environment but wasn't disciplined could be a valid comparator to a plaintiff who was disciplined for missing a day of work," raising an inference of retaliation. Dkt. No. 91 at 4 (citing *Reynaga*, 847 F.3d at 694–95). If Stepien is suggesting that Guyton was such a

22  comparator, the facts here are not analogous to *Reynaga*: Guyton was disciplined for yelling at Stepien in a meeting, and investigations did not substantiate Stepien's other complaints. Dkt. No. 89 at 6, 30. Moreover, the fact that Stepien also alleged harassment and discrimination in the same email in which she called Guyton a "bad priest" did not

23  immunize her from consequences for her inappropriate language. Dkt. No. 35-6 at 2; *see, e.g.*, *Silbaugh v. Buttigieg*, No. C17-1759-RSM, 2021 WL 3565431, at *8 (W.D. Wash. Aug. 12, 2021), *aff'd* No. 21-35694, 2022 WL 1641696

24  (9th Cir. May 24, 2022).

Stepien further argues that Matlock's decision to issue her a 10-day suspension should not be "insulated" from McClure's proposed suspension. Dkt. No. 91 at 4–5. However, as noted in the Order, Stepien never argued that Matlock "failed to make an independent decision or was influenced by McClure's proposed suspension." Dkt. No. 89 at 42. Stepien now contends that Matlock could not have issued the final suspension without NOAA first issuing a proposed suspension. Dkt. No. 91 at 4–5. That reality sheds no light on Matlock's allegedly retaliatory motive. Nor is a retaliatory motive shown merely by his awareness of her complaint. *Id.* at 5. In fact, Matlock referred her complaint to the appropriate team for follow up. Dkt. No. 89 at 42; Dkt. 35-8 at 2. Finally, Stepien argues that a jury could view her "'bad priest' comment as inappropriate or reasonable[.]" Dkt. No. 91 at 5. This argument misses the point. "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." *Green v. Maricopa Cnty. Cmty. Coll. Sch. Dist.*, 265 F. Supp. 2d 1110, 1128 (D. Ariz. 2003) (quoting *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)). Stepien did not create an issue of fact by asserting that her conduct was no big deal. *See, e.g.*, *Cornwell*, 439 F.3d at 1028 n.6.

### 2. Hostile Work Environment

Stepien argues that the Court erred in noting that discrete acts could not form part of her hostile work environment claim. Dkt. No. 91 at 6. She does not dispute, though, that *Porter* is still good law. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (explaining that "[i]f the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts"). And in *Reynaga*, the case upon which Stepien relies most heavily in her motion for reconsideration, the court did not consider the employees' suspensions and removals as part of their alleged hostile work environment. *Reynaga*, 847 F.3d at 687–88. Regardless, the Order explicitly noted that the Court considered all of

Stepien's allegations, noting that the two arguably gender-based incidents she alleged, "*even combined with the other conduct Stepien alleges*, were not objectively severe and pervasive enough to create hostile work environment." Dkt. No. 89 at 49 (emphasis added).

Stepien also argues that "false discipline" can support a hostile work environment claim. Dkt. No. 91 at 6. Stepien did not make that argument in her response to NOAA's motion for summary judgment, so this untimely assertion does not justify reconsideration. LCR 7(h); Dkt. No. 69 at 31–32. Moreover, the discipline Stepien received was not "false"; as explained in the Order, it was based on undisputed facts and an extensive investigation revealing misconduct. Dkt. No. 89 at 6, 10–18.

Stepien also argues that she provided sufficient evidence of a hostile work environment. Dkt. No. 91 at 6–7. The Order noted that Stepien's response to NOAA's motion for summary judgment included (1) just one conclusory sentence of argument regarding a sex- and age-based hostile work environment without any citation to the record, and (2) a facts section that cited generally to a lengthy and un-highlighted section of her EEO declaration. Dkt. No. 89 at 48–49; LCR 10(e)(10) (requiring parties to highlight or otherwise mark relevant portions of exhibits). Her motion for reconsideration now cites to the record, but it is long past time to do so given that the evidence she cites is not new. Despite her failure to provide citations or specifically identify evidence that precluded summary judgment, the Court considered all of Stepien's allegations. Dkt. No. 89 at 49–50.[4] Stepien's disagreement with the Court's conclusion does not justify reconsideration.

---

[4] For example, Stepien contends that McClure and Guyton improperly questioned her about transferring her goods from her prior out of state employer to NOAA, Dkt. No. 91 at 7–8, but she does not dispute that three employees—none of whom she accuses of discrimination or harassment—asked Guyton to intervene when Stepien refused to follow instructions and federal travel regulations regarding her move, Dkt. No. 89 at 4. Asking Stepien about these issues—and her absence from a mandatory conference—are "ordinary tribulations of the workplace." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *see also id.* (explaining that "[n]ot every insult or harassing comment will constitute a hostile work

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II.   CONCLUSION

For the foregoing reasons, the Court DENIES Stepien's motion for reconsideration. Dkt. No. 91.

Dated this 19th day of December, 2024.

Lauren King
United States District Judge

---

environment" and "[t]he standard for judging hostility is meant to ensure that Title VII does not become a general civility code" (cleaned up)). Although Stepien complains that Guyton questioned the appearance of her name on her students' and interns' publications, that disagreement was quickly resolved in her favor. Dkt. No. 89 at 4–5. Stepien also avers that "McClure falsely accused her of breaking into a lab shortly after her EEO contact, leading to her 10-day suspension," Dkt. No. 91 at 7, but that issue is not referenced anywhere in the 10-day suspension letter, Dkt. No. 35-8.

ORDER DENYING MOTION FOR RECONSIDERATION - 8