UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL STEPIEN,<br>Plaintiff,<br>v.<br>HOWARD LUTNICK,<br>Defendant. | CASE NO. 2:21-cv-01410-LK<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALLOW REMOTE TESTIMONY BY OUT-OF-STATE WITNESSES |

This matter comes before the Court on Defendant Howard Lutnick's motion to permit out of state witnesses to testify remotely at trial. Dkt. No. 114. Plaintiff Carol Stepien opposes the motion. Dkt. No. 115. For the reasons set forth below, the Court denies the motion without prejudice.

## I. BACKGROUND

Stepien sues her former employer, the National Oceanic and Atmospheric Administration ("NOAA"), alleging discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. *See generally* Dkt. No. 28. The parties have estimated that the trial will span 10 days. Dkt. No. 109 at 1.

When Court staff alerted counsel that the Court would need to continue the May 2026 trial date because of a conflicting criminal trial, "Defendant raised the possibility with Plaintiff of having out-of-state witnesses testify remotely while the parties were working to find new trial dates to propose." Dkt. No. 114 at 1. The parties met and conferred but were unable to resolve the matter, and this motion followed. *Id.* at 1–2. Pursuant to the agreement of the parties and to accommodate the conflicting criminal trial, the Court reset the trial date to November 30, 2026. Dkt. No. 113 at 1.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." In addition, court rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also* LCR 1(a) (same). In exercising their discretion to permit remote testimony, courts have "balance[d] (1) the importance of presenting live testimony to the jury and (2) the pragmatic and economic considerations the instant matter presents." *Leone v. USAA Cas. Ins. Co.*, No. 2:23-cv-00159-RAJ, 2025 WL 1808167, at *2 (W.D. Wash. Jan. 23, 2025). Courts also acknowledge the "growing use of video testimony, both before and following the COVID-19 pandemic." *Krause v. Krause*, No. 21-1706-JLT-SAB, 2022 WL 1292261, at *3 (E.D. Cal. Apr. 29, 2022).

### B. The Court Denies the Request for Remote Testimony

Defendant states that it "will ensure key witnesses will appear in person at trial, including, crucially, the proposing and deciding officials, Dr. Michelle McClure and Dr. Gary Matlock[.]" Dkt. No. 114 at 2. However, "it cannot require all the percipient witnesses" to appear in person

because "Rule 45(c)'s trial subpoena power extends only to witnesses who reside or work within 100 miles of the courthouse or, at most, within the state." *Id.* According to Defendant, "several important percipient witnesses either never resided in Washington or have moved out of state since the events relevant to this lawsuit, and thus are beyond the Court's subpoena power under Rule 45," including Dr. Chris Paight, who "left NOAA and moved out of state"; Dr. Beth Slikas, who never worked for NOAA and now lives in Arizona; Ellie Lee, who also never worked for NOAA and lives in California; and NOAA employees Steve Goodman and Karolyn Turcotte, who "live and work out of state." *Id.* at 2–3. Defendant also notes that a former NOAA employee on Stepien's witness list now lives out of the country. *Id.* at 3 n.1. Defendant states that it "will do its best to have all its witnesses testify in person," but its "counsel already had difficulty securing out-of-state witnesses' commitment to travel long distances to testify, and that difficulty is only likely to increase now that trial has been scheduled for the week after Thanksgiving." *Id.* at 3. Defendant avers that sufficient safeguards would be in place—the witnesses would testify live, under oath, and subject to cross-examination—and numerous courts have found that current technology allows jurors to assess remote witnesses' credibility. *Id.* at 3–4.

Stepien responds that Defendant has not demonstrated good cause or compelling circumstances. She notes that inconvenience alone is insufficient. Dkt. No. 115 at 3. According to Stepien, "the fact that witnesses are beyond the Court's subpoena power under FRCP 45 is not a compelling circumstance" because out-of-state witnesses routinely testify in person, and Defendant's "contingency planning" that witnesses might refuse to travel here "does not transform ordinary out-of-state witness logistics into compelling circumstances warranting departure from FRCP 43(a)." *Id.* That is, Defendant has not shown that any specific witness is unable or unwilling to attend in person, and Defendant's fear that some may refuse is a "blanket, speculative request[.]" *Id.* at 3–4.

The Court agrees with Stepien that Defendant's request is premature. The Court's role is to adjudicate live disputes, not to "issue advisory opinions[.]" *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). Although the Court cannot compel out-of-state witnesses to testify, *see, e.g.*, *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-cv-01247-HSG, 2021 WL 8084334, at *1 (N.D. Cal. Apr. 5, 2021) (citing Fed. R. Civ. P. 45(c)), Defendant does not assert that any witness has communicated an inability or unwillingness to testify in person in November. Nor does Defendant contend that NOAA is unable to require its current employees to come to Seattle as part of their job duties. Instead, Defendant seeks a prospective ruling that a witness can "testify remotely if (and *only* if) Defendant cannot secure the witness's voluntary live appearance." Dkt. No. 116 at 3. This possibility is only speculative at this point.

Defendant also argues that the five out-of-state witnesses face "lengthy and burdensome travel to come to Seattle for trial," Dkt. No. 116 at 2, its counsel has "already had difficulty securing out-of-state witnesses' commitment to travel long distances to testify, and that difficulty is only likely to increase now that trial has been scheduled for the week after Thanksgiving," Dkt. No. 114 at 3. These assertions are speculative and vague, and are not supported by a declaration as required by Local Civil Rule 7(b). LCR 7(b) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."). Defendant does not identify where three of the out-of-state witnesses live, or where any of the five witnesses will be during the trial days. On this very limited record, the Court cannot meaningfully evaluate the potential burden to these witnesses or whether compelling circumstances exist to allow remote testimony.

In sum, at this point, there are no facts to show that the witnesses are unable or unwilling to travel for the trial in November. The Court thus denies Defendant's request to allow the out-of-

state witnesses to testify remotely without prejudice to the ability to renew the motion if the dispute becomes concrete (following another meet and confer).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Defendant's motion to permit out of state witnesses to testify remotely. Dkt. No. 114.

Dated this 24th day of September, 2026.

Lauren King
United States District Judge