UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL STEPIEN,<br>Plaintiff,<br>v.<br>HOWARD LUTNICK,<br>Defendant. | CASE NO. 2:21-cv-01410-LK<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION TO ALLOW REMOTE TESTIMONY |

This matter comes before the Court on Defendant Howard Lutnick's Renewed Motion to Allow Remote Testimony at Trial. Dkt. No. 131. Defendant seeks an order allowing two of his witnesses—Ellen Lee and Christopher Paight—to testify remotely from California. Dkt. No. 131-1 at 1. Plaintiff Carol Stepien opposes the motion. Dkt. No. 149. For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Stepien sues her former employer, the National Oceanic and Atmospheric Administration ("NOAA"), alleging discrimination, retaliation, and harassment under Title VII of the Civil Rights

Act of 1964 and the Age Discrimination in Employment Act. *See generally* Dkt. No. 28. Trial is scheduled to begin on November 30, 2026. Dkt. No. 113.

Defendant previously filed a motion to allow remote testimony, Dkt. No. 114, which the Court denied "without prejudice to the ability to renew the motion if the dispute becomes concrete (following another meet and confer)," Dkt. No. 118 at 4–5. The parties met and conferred on this issue on October 15, 2026, and Defendant's counsel provided declarations from Lee and Paight explaining their need to testify remotely, Dkt. Nos. 133, 134. Dkt. No. 132 at 2. The parties were unable to agree, *id.*, and this renewed motion followed.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The advisory committee notes to Rule 43 remind courts that "[t]he importance of presenting live testimony in court cannot be forgotten" and that contemporaneous transmission "is permitted only on showing good cause in compelling circumstances." *Draper v. Rosario*, 836 F.3d 1072, 1082 (9th Cir. 2016) (quoting Fed. R. Civ. P. 43(a), advisory committee's note to the 1996 amendment). In addition, court rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also* LCR 1(a) (similar).

Consistent with Federal Rule of Civil Procedure 1's objective, courts have "balance[d] (1) the importance of presenting live testimony to the jury and (2) the pragmatic and economic considerations the . . . matter presents" in exercising their discretion to permit remote testimony. *Leone v. USAA Cas. Ins. Co.*, No. 2:23-cv-00159-RAJ, 2025 WL 1808167, at *2 (W.D. Wash. Jan.

23, 2025). Courts also acknowledge the "growing use of video testimony, both before and following the COVID-19 pandemic." *Krause v. Krause*, No. 21-1706-JLT-SAB, 2022 WL 1292261, at *3 (E.D. Cal. Apr. 29, 2022).

**B. The Court Grants the Request for Remote Testimony**

Defendant states that it "will ensure key witnesses will appear in person at trial, including, crucially, the proposing and deciding officials, Dr. Michelle McClure and Dr. Gary Matlock[.]" Dkt. No. 131 at 2. However, "it cannot require all the percipient witnesses"—including Lee and Paight—to appear in person because "Rule 45(c)'s trial subpoena power extends only to witnesses who reside or work within 100 miles of the courthouse or, at most, within the state." *Id.*

Lee is designated as a witness who "may testify about her experience as an intern in Plaintiff's laboratory at PMEL [(NOAA's Pacific Marine Environmental Laboratory)] and her reports of that experience to others." Dkt. No. 143-1 at 10. Lee states in her declaration that she "live[s] and work[s] in Sacramento, California" and is unable to travel to Seattle during trial "because of work obligations during those weeks." Dkt. No. 133 at 1. She works as an "Environmental Scientist for the California Department of Resources Recycling and Recovery (CalRecycle) within the California Environmental Protection" and is the lead scientist coordinating the implementation of a new program, "actively reviewing program plans that are required by law to be approved at the end of December." *Id.* at 2. "The plan review must be finalized and submitted to [her] department's executive leadership for review by Friday December 4, 2026, to adhere to [their] program's statutory deadline," and she cannot be away from work during that time. *Id.* Then, "for several days after the project is submitted to [the] executive leadership for review, [she is] required to be available on very short notice to meet with [the] executive team" for follow up. *Id.* The "program also frequently gets last minute requests for information from the Governor's Office, other state agencies, media, and the public, which [she] must respond to as soon as

possible." *Id.* She states that "it would be extraordinarily disruptive to CalRecycle for [her] to be away for a full day during this period." *Id.* In addition, she is not permitted to telework from anywhere but her home. *Id.*

Paight is designated as a witness who "may testify about his experience working in Plaintiff's laboratory at PMEL and his reports of that experience to others." Dkt. No. 143-1 at 10. He states that he lives and works in San Diego, California and is unable to travel to Seattle to testify because of his childcare commitments. Dkt. No. 134 at 1. Specifically, Paight has a 9-month-old child, and his wife works for the United States Navy in a role that "requires her to travel frequently for work, often on short notice, sometimes as little as two days" notice. *Id.* at 1–2. The couple has no family in San Diego to help with childcare. *Id.* He states that given his wife's "unpredictable work schedule and [his] childcare obligations," which require him to ensure that he is available to take care of the baby on short notice, "it would be very disruptive for [his] family for [him] to travel to Seattle." *Id.* at 2.

Defendant argues that these declarations demonstrate good cause to allow Lee and Paight to testify remotely. Dkt. No. 131 at 2. Defendant also notes that both witnesses stated in their declarations that they understand that their remote testimony would still be under penalty of perjury and that they must treat remote testimony just as seriously as if they were testifying in person. *Id.* at 4 (citing Dkt. No. 133 at 2; Dkt. No. 134 at 2). Defendant also contends that "[b]oth have access to reliable internet connections and hardware, and quiet, private spaces to testify from." *Id.* (citing Dkt. No. 133 at 2; Dkt. No. 134 at 2).

Stepien opposes the motion, arguing that Defendant offers nothing more than "a known work deadline" (for Lee) and "a hypothetical childcare conflict" (for Paight). Dkt. No. 149 at 1. Stepien contends that live testimony is strongly preferred and generally excused only for "unexpected reasons." *Id.* at 1–2.

Although the 1996 advisory committee notes to Rule 43(a) state that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness," unexpected reasons are not the *only* basis to justify remote testimony. *See, e.g.*, *Contreras v. Heritage Univ.*, No. 1:22-cv-03034-MKD, 2025 WL 2684304, at *2 (E.D. Wash. May 1, 2025) (finding good cause and compelling circumstances to allow two witnesses to testify remotely due to their wives' advanced pregnancies). Moreover, here, both witnesses' significant distance from Seattle is a factor. *See Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (explaining that "good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings"); *Babakhanlou v. Los Angeles Cnty.*, No. 2:23-cv-08682-MWC-JPR, 2026 WL 637321, at *6 (C.D. Cal. Jan. 28, 2026) (same); *Aoki v. Gilbert*, No. 2:11-cv-02797-TLN-CKD, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) (noting that courts have found that "geographical distance may indeed provide good cause and compelling circumstances to justify the witness's appearance by video").

Beyond the geographic distance alone, both witnesses' declarations set forth significant work and personal conflicts with attending the trial in person as set forth above. Although Stepien calls Paight's childcare conflict "hypothetical," Dkt. No. 149 at 1, the reality is that his wife travels "frequently for work, often on short note," meaning that a lack of childcare could turn concrete on very short notice, without family in the area to help. Dkt. No. 134 at 1–2. In addition, Lee's commitments to her current public-sector job are more than a scheduling conflict or issue of convenience. *Cf. Wilson v. United States*, No. 2:18-CV-1241 JCM (NJK), 2023 WL 2795866, at *1 (D. Nev. Apr. 5, 2023) ("A scheduling conflict alone does not constitute good cause."). Her declaration demonstrates her need to work on a time-sensitive project as its lead scientist and be available to others on short notice during the trial period, as well as her inability to work on those

issues remotely. Dkt. No. 133 at 1–2; *see Chavez v. Gamboa*, No. 1:22-cv-00920-JLT-EGC (HC), 2026 WL 2185732, at *1 (E.D. Cal. July 29, 2026) (granting motion to permit remote testimony due to the witness's "geographic location, combined with his specific work schedule and circumstances"). Accordingly, the Court finds good cause and compelling circumstances that, with appropriate safeguards, justify the use of contemporaneous video conferencing technology for Lee and Paight.

Stepien also argues that the "balance between the importance of live testimony and pragmatic and economic considerations" favors her. Dkt. No. 149 at 5. She contends that the practical burden to the witnesses is minimal when the government is paying their way, and the witnesses' "credibility bears directly on whether Defendant's stated reasons are genuine." *Id.* As set forth above, the burden to the witnesses of testifying live in Seattle would not be minimal. In addition, "modern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded." *Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020). Thus, video transmission will allow the jury to evaluate the credibility of Lee and Paight.

The Court also finds that Defendant has proposed "appropriate safeguards" for Lee and Paight to testify remotely as contemplated by Rule 43(a). Both Lee and Paight will testify in real time, under oath, and subject to cross-examination, Dkt. No. 131 at 4, which are appropriate safeguards, *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000) (upholding the admission of telephonic testimony when the out-of-state witness was sworn and subject to cross-examination); *Liu*, 507 F. Supp. 3d at 1265. Stepien does not argue that these safeguards are insufficient, *see generally* Dkt. No. 149, and the Court finds that they are sufficient.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's renewed motion to permit witnesses Ellen Lee and Christopher Paight to testify remotely. Dkt. No. 131. Each witness shall testify under oath and subject to cross-examination from a quiet, private room with a reliable internet connection sufficient to maintain uninterrupted audio and video for the duration of their testimony.

Dated this 12th day of November, 2026.

Lauren King
United States District Judge